IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TROY HELWIG,

     Plaintiff,

vs.                                            No. CIV 20-0052 JB/CG

CURRY COUNTY DETENTION
CENTER; WESLEY WALLER;
and LANCE PILE,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to submit an initial partial filing fee, as 28 U.S.C. § 1915(b)(1) requires. The Honorable Carmen Garza, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Plaintiff Troy Helwig to make a $51.64 payment in connection with his Complaint for Violation of Civil Rights, filed March 19, 2020 (Doc. 5)("Amended Complaint"). See Order Granting In Forma Pauperis Application at 1, filed April 2, 2020 (Doc. 8)("IFP Order"). Because Helwig has not complied or shown cause for his lack of compliance, the Court will dismiss his case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Helwig is incarcerated at the Curry County Detention Center. See Amended Complaint ¶ I.A, at 2. In the Amended Complaint, Helwig asserts claims under 42 U.S.C. § 1983 and the Eighth Amendment to the Constitution of the United States of America. See Amended Complaint ¶ II.A, at 3. Specifically, he alleges his living conditions in the Delta Pod pose a serious risk of harm. See Amended Complaint ¶ IV, at 4-5. Helwig seeks at least $300,000.00 in damages.

<u>See</u> Amended Complaint ¶ VI, at 5.   Helwig has requested leave to proceed in forma pauperis.
<u>See</u> Motion to Proceed under 28 U.S.C. § 1915, filed March 19, 2020 (Doc. 4)("IFP Motion").

On January 21, 2020, the Court referred the matter to Magistrate Judge Garza for
recommended findings and disposition and to enter non-dispositive orders.   <u>See</u> Order Referring
Case at 1, filed January 21, 2020 (Doc. 2).   Thereafter, Magistrate Judge Garza ordered Helwig
to cure deficiencies in his original filing.   <u>See</u> Order to Cure Deficiencies at 1, filed February 28,
2020 (Doc. 3)("First Cure Order").   Magistrate Judge Garza observed that: (i) the original
Complaint was not sworn under penalty perjury; (ii) Helwig did not use the proper § 1983 form;
and (iii) Helwig did not prepay the $400.00 filing fee, or alternatively, file a motion requesting
leave to proceed in forma pauperis.   <u>See</u> First Cure Order at 1.   Magistrate Judge Garza
accordingly ordered Helwig to cure those deficiencies by March 28, 2020.   <u>See</u> First Cure Order
at 1.

Helwig timely filed an Amended Complaint and IFP Motion, but the IFP Motion was
initially deficient.   <u>See</u> Amended Complaint at 1; Motion at 1.   Helwig did not submit "a certified
copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-
month period immediately preceding the filing of the complaint," as 28 U.S.C. § 1915(a)(2)
requires.   <u>See</u> IFP Motion at 1-3.   On March 20, 2020, Magistrate Judge Garza ordered Helwig
to file "a certified inmate account statement for the period between July 16, 2019 and January 19,
2020."   Second Order to Cure Deficiency at 1, filed March 20, 2020 (Doc. 6)("Second Cure
Order").   Helwig filed the inmate account statement on April 1, 2020.   <u>See</u> Account Activity
Ledger, filed April 1, 2020 (Doc. 7).

The next day, on April 2, 2020, Magistrate Judge Garza granted leave to proceed in forma

pauperis, which excused the requirement that Helwig prepay the full filing fee.   See IFP Order at

1.   Pursuant to 28 U.S.C. § 1915(b)(1)(A), the Magistrate Judge Garza assessed an initial partial

payment of $51.64 and directed Helwig to submit that amount within thirty days of the IFP Order's

entry.   See IFP Order at 1-2.   Magistrate Judge Garza warned that if Helwig did not timely make

the initial partial payment, the Court would dismiss the Amended Complaint without further

notice.   See IFP Order at 2.   The deadline to submit the initial partial payment was May 4, 2020.

See IFP Order at 2.   Helwig has not complied or otherwise responded to the IFP Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of

an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E.

Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply

with local or federal procedural rules.")(internal citation omitted).   As the United States Court of

Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal)

is a fundamental precept of modern litigation . . . ."   Rogers v. Andrus Transp. Servs., 502 F.3d

1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant

file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua

sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s']

orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v.

Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district

court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. Those criteria include the degree of actual prejudice to the defendant, the amount of interference with the judicial process, the litigant's culpability, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.

Here, Helwig initially failed to submit a six-month account statement. After he cured that deficiency, he again did not submit an initial partial payment as the IFP Order and 28 U.S.C. § 1915(b)(1) require. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.

**IT IS ORDERED** that: (i) the Plaintiff's Complaint for Violation of Civil Rights, filed March 19, 2020 (Doc. 5), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of the civil case.

- 4 -

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Troy Helwig
Clovis, New Mexico

   *Plaintiff pro se*