IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TROY HELWIG,

    Plaintiff,

vs.                                                                         No. CIV 20-0052 JB/CG

CURRY COUNTY DETENTION CENTER;
WESLEY WALLER and LANCE PILE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion [to] Reconsider [In] Forma Pauperis, filed June 25, 2020 (Doc. 11)("Motion"). Plaintiff Troy Helwig seeks reconsideration of the Memorandum Opinion and Order dismissing his prisoner civil rights action for failure to pay the initial partial filing fee. See Motion at 1; Helwig v. Curry Cty. Det. Ctr., 336 F.R.D. 661 (D.N.M. 2020)(Browning, J.)("MOO"). Because Helwig does not demonstrate good grounds for reconsideration, the Court will deny the Motion.

**BACKGROUND**

Helwig is incarcerated at the Curry County Detention Center ("Curry Detention"). See Letter-Complaint Raising Civil Rights Violations, filed January 16, 2020 (Doc. 1)("Letter-Complaint"). Helwig initiated this action on January 16, 2020, by filing the Letter-Complaint regarding his conditions of confinement at Curry Detention. See Letter Complaint at 1-2. The Court referred the matter to the Honorable Carmen Garza, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference in Prisoner Cases at 1, filed January 21, 2020 (Doc. 2). Chief Magistrate Judge Garza ordered Helwig to cure

deficiencies in his original filing.  See Order to Cure Deficiencies at 1, filed February 28, 2020 (Doc. 3)("First Cure Order").  Chief Magistrate Judge Garza observes that: (i) the original Letter-Complaint is not sworn under penalty of perjury; (ii) Helwig failed to use the proper 42 U.S.C. § 1983 form; and (iii) Helwig has failed to prepay the $400.00 filing fee, or alternatively, to file a motion requesting leave to proceed in forma pauperis ("IFP").  See First Cure Order at 1.  Magistrate Judge Garza ordered Helwig to cure those deficiencies by March 28, 2020.  See First Cure Order at 1.

Helwig timely filed an Amended Complaint Raising Civil Rights Violations and IFP Motion, but the IFP Motion was initially deficient.  See Amended Complaint Raising Civil Rights Violations, filed March 19, 2020 (Doc. 5)("Amended Complaint"); Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 19, 2020 (Doc. 5)("IFP Motion").  Helwig has not submitted, however, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" along with the IFP Motion, as 28 U.S.C. § 1915(a)(2) requires.  IFP Motion at 1-3.  On March 20, 2020, Chief Magistrate Judge Garza ordered Helwig to file "a certified inmate account statement for the period between July 16, 2019 and January 19, 2020."  Second Order to Cure Deficiency at 1, filed March 20, 2020 (Doc. 6)("Second Cure Order").  Helwig filed the inmate account statement on April 1, 2020.  See Account Activity Ledger, filed April 1, 2020 (Doc. 7).

The next day, on April 2, 2020, Chief Magistrate Judge Garza granted leave to proceed in forma pauperis, which excused the requirement that Helwig prepay the full filing fee.  See Order Granting in Forma Pauperis Application at 1, filed April 2, 2020 (Doc. 8)("IFP Order").  Pursuant to 28 U.S.C. § 1915(b)(1)(A), Chief Magistrate Judge Garza assessed an initial partial payment of

$51.64, and directed Helwig to submit that amount within thirty days of the IFP Order's entry. See IFP Order at 1-2.  Chief Magistrate Judge Garza warned that the failure to timely make the initial partial payment would result in dismissal of the Amended Complaint without further notice. See IFP Order at 2.   The deadline to submit the initial partial payment was May 4, 2020.  See IFP Order at 2.  Helwig has not complied with, or otherwise responded to, the IFP Order.

On May 11, 2020, the Court entered the MOO dismissing this case along with a Final Judgment.  See MOO at 1; Final Judgment entered May 11, 2020 (Doc. 10)("Judgment").  The Court observed:

> Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).
>
> "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. Those criteria include the degree of actual prejudice to the defendant, the amount of interference with the judicial process, the litigant's culpability, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.
>
> Here, Helwig initially failed to submit a six-month account statement. After he cured that deficiency, he again did not submit an initial partial payment as

    the IFP Order and 28 U.S.C. § 1915(b)(1) require. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.

MOO at 3-4.

    Helwig filed the Motion about six weeks later, on June 25, 2020. See Motion at 1. He asks the Court to reopen his case, arguing that he could not afford to pay the initial partial payment. See Motion at 1, 3. The Motion also suggests that, because his income comes from family care packages, he should not have to use it to make his initial partial payment. See Motion at 1-3. The Court will consider whether there are grounds to set aside the dismissal ruling and to reopen this case.

## ANALYSIS

    Helwig filed the Motion forty-five days after entry of the MOO and Final Judgment. See MOO at 1; Judgment at 1; Motion at 1. The Court, therefore, must analyze the Motion under rule 60(b) of the Federal Rules of Civil Procedure. See Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). As relevant here, rule 60(b) allows relief from a judgment in the event of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; or (iii) fraud. See Fed. R. Civ. P. 60(b)(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) relief, however, is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

    None of the above circumstances exist in this case. Helwig contends merely that he could not afford to make an initial partial payment and that he should not have to spend family gifts on the filing fee. Chief Magistrate Judge Garza entered the IFP Order one day after Helwig filed his inmate account statement; at the time, his account balance was $194.44. See IFP Order at 1;

Inmate Account Activity Ledger at 3, filed April 1, 2020 (Doc. 7).  It therefore appears that Helwig can afford to make the $51.64 payment.   The United States Court of Appeals for the Tenth Circuit has addressed this issue in Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003). Cosby v. Meadors explained that the in forma pauperis statute is designed "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."  Cosby v. Meadors, 351 F.3d at 1327 (quotations omitted).  In enacting the statute, Congress determined that prisoners must "bear some marginal cost for each legal activity."  Cosby v. Meadors, 351 F.3d at 1327 (quotations omitted).  "When a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments."  Cosby v. Meadors, 351 F.3d at 1327.  The Tenth Circuit, therefore, has concluded that, where "a court order requires partial payments," rule 41 "allow[s] a district court to dismiss the action for failure to comply with the order."  Cosby v. Meadors, 351 F.3d at 1327.  The Court concludes therefore that its MOO dismisses properly Helwig's case for failure to pay the filing fee. See MOO at 4.

     Because the dismissal was without prejudice, the only practical consequence of the prior dismissal is that Helwig will have to fill out a new complaint and in forma pauperis application. The claims arose in October and December of 2019, and they will not be time-barred if filed anew. See Amended Complaint ¶ IV(C)-(D), at 5-6.   Section 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M.S.A. § 37-1-8.  See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014); McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011)(The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose.").   Moreover,

because the dismissal MOO does not address the merits, it will not count as a "strike" under the three-strikes rule governing civil prisoner complaints. See 28 U.S.C. § 1915(g) (stating that prisoners generally cannot proceed in forma pauperis if three prior prison-complaints were dismissed as frivolous, malicious, or for failure to state a claim).

For these reasons, the Court declines to set aside the MOO and Final Judgment, and reopen this case. The Court denies the Motion, but will allow Helwig to file a new § 1983 action raising his conditions of confinement claims. The Clerk's Office will mail Helwig a form § 1983 complaint and a form in forma pauperis application, if he wishes to file a new action.

**IT IS ORDERED** that: (i) the Plaintiff Troy Helwig's Motion [to] Reconsider [In] Forma Pauperis, filed June 25, 2020 (Doc. 11) is denied; and (ii) the Clerk's Office shall mail Helwig a form § 1983 complaint and a form in forma pauperis application.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Troy Helwig
Clovis, New Mexico

    *Plaintiff pro se*